1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JAMES PARKER, an individual,<br><br>    Plaintiff,<br><br>v.<br><br>COUNTY OF LOS ANGELES; RYAN HIRSCH; RICHARD OCHOA-GARCIA; and DOES 1-10, inclusive,<br><br>    Defendants. | CASE NO. CV12-0064 SVW (FFMx)<br><br>PROTECTIVE ORDER<br><br>**NOTE CHANGES MADE BY COURT**<br><br><br>[Assigned to Judge Stephen V. Wilson]<br><br>Trial Date:     October 9, 2012 |

After full consideration of the Stipulation by the parties for a Protective Order, and for GOOD CAUSE SHOWN, IT IS HEREBY ORDERED:

1.    In connection with informal or formal disclosure of documents and other materials in this action (including but not limited to those specified in Fed.R.Civ.P. 26(a)(1)(A)(ii) and 34(a)(1)(A) and (B)), and, in connection with discovery proceedings in this action, the parties may designate any document, thing, material, testimony, or other information derived therefrom, as "Confidential" under the terms of this Stipulated Protective Order (hereinafter "Order"). Confidential information is information which has not been made public, and which contains private, personal, proprietary, or otherwise sensitive information, the disclosure of

By designating a document, thing, material, testimony, or other information derived therefrom as "Confidential" under the terms of this Order, the party making the designation is certifying to the Court that there is a good-faith basis both in law and in fact for the designation within the meaning of Federal Rule of Civil Procedure 26(g).

**GOOD CAUSE STATEMENT:**

2. Good cause exists for entry of this Order. As for defendants, they expect to produce, among other things, materials comprising investigative reports and interviews of witnesses. In these materials, the names and other identifying information of the witnesses who were interviewed are referenced or disclosed. Some of the witnesses who were interviewed describe the details of how the incident unfolded, but also share personal details about the plaintiff.

In addition, materials to be produced will contain the names and other identifying information of law enforcement personnel who were involved in the incident, and who thereafter investigated the incident and interviewed witnesses. Limiting disclosure of their identities to the context of this litigation as provided herein will, accordingly, further important law-enforcement objectives and interests.

As for plaintiff, he is expected to produce, among other things, personal medical records and bills relating to medical treatment and care. These records and bills will likely contain sensitive medical and financial information that plaintiff desires to be kept confidential and disclosed only in the context of this litigation.

3. Confidential documents shall be so designated by stamping copies of the document or material produced by a party with the legend "CONFIDENTIAL." Stamping the legend "CONFIDENTIAL" on the cover of any multi-page document or any multi-volume material, shall designate all pages of the document and all volumes of the material as confidential, unless otherwise indicted by the producing party.

4. Testimony taken at a deposition may be designated as "Confidential"

by making a statement to that effect on the record at the deposition. Arrangements shall be made with the court reporter transcribing the deposition to separately bind such portions of the transcript containing information designated as "Confidential", and to label such portions appropriately.

5. Material designated as "Confidential" under this Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as Confidential (hereinafter "Confidential Material") shall be used solely for the purpose of litigating this action, and for no other action or purpose.

6. Confidential Material produced in this action may be disclosed or made available to the following persons (hereinafter "Qualified Persons"):

    a. Each lawyer for a party in this action, including outside and in-house lawyers and other lawyers regularly employed in their offices, and such lawyers' staff to whom it is necessary that materials be disclosed for purposes of this litigation, including paralegals, assistants, secretaries, and document clerks;

    b. Each party, partner, officer, director, agent, or employee of a party deemed necessary by counsel to work on this action;

    c. Independent experts or consultants retained by counsel for the purpose of assisting in this litigation, including their staff to whom it is necessary that materials be disclosed for purposes of this litigation, but only to the extent necessary for such expert or consultant to perform his or her assigned tasks in connection with this litigation;

    d. Any party-affiliated witness in preparation for his or her deposition or testimony at trial or a hearing in this litigation;

    e. Mediators, arbitrators, or similar outside parties and their staffs enlisted by all parties to assist in the resolution of this litigation;

1        f.     The Court and its personnel; and

2        g.     Court reporters and stenographers employed in this action.

3    Prior to receiving any Confidential Material, Qualified Persons identified in Paragraphs 6b, 6c, 6d, and 6e above shall execute a nondisclosure agreement in the form of Attachment A, a copy of which shall be provided to counsel for each other party within ten (10) days if expert disclosures have already been made, or concurrently with expert disclosures, if expert disclosures ~~have~~ not been made at the time the Nondisclosure Agreement is executed.

       7.     The parties may further designate certain documents, materials, or testimony of a highly confidential, sensitive, or proprietary nature as "CONFIDENTIAL—ATTORNEY'S EYES ONLY" (hereinafter "Attorney's Eyes Only Material), which may be disclosed only to Qualified Persons identified in Paragraphs 6a, 6c, 6d, 6e, 6f, and 6g, but shall not be disclosed to Qualified Persons identified in Paragraph 6b. If disclosure of Attorney's Eyes Only Material is made, all other provisions of this Stipulation shall also apply.

       8.     Any party intending to file any material that constitutes or contains Confidential Material or Attorney's Eyes Only Material shall ~~file~~ <ins>lodge such material along with an application for an order filing</ins> it under seal in compliance with Central District *Local Rule* 79-5.1.

       9.     This Order shall not impose any restrictions on the use of or disclosure by a party of Confidential Material or Attorney's Eyes Only Material obtained by such party independent of discovery in this action, whether or not such material is also obtained through discovery in this action, or from disclosing its own Confidential Material or Attorney's Eyes Only Material as it deems appropriate.

       ~~10. In the event that any Confidential Material or Attorney's Eyes Only Material is used in any court proceeding in this action, it shall not lose its confidential status through such use, and the party using such material shall take all reasonable steps to maintain its confidentiality during such use.~~

11. This Order shall be without prejudice to the right of a party (i) to bring before the Court at any time the question of whether any particular document or material is confidential or whether its use should be restricted, provided however, that such document or material shall remain confidential and its use restricted, as provided for herein, until such time as the court has ruled on the question presented, or (ii) to present a motion to the Court under Federal Rule of Civil Procedure 26(c) for a separate protective order as to any particular document, material, or information, including restrictions differing from those specified herein. This Order shall not be deemed to prejudice the parties in any way in any future application for modification of this Order.

12. This Order is entered solely for the purpose of facilitating the exchange of documents, material, and information between the parties to this action without involving the Court unnecessarily in the process. Neither this Order, nor the production of any document, material, or information, shall be deemed to have the effect of an admission or waiver by either party, or of altering the confidentiality or non-confidentiality of any such document, material, or information, or altering any existing obligation of any party or the absence thereof.

<u>12B. If a party to whom Confidential Material or Attorney's Eyes Only Material has been produced is subpoenaed or ordered by another court or administrative agency to produce information that it subject to this protective order, such party shall notify promptly the party who produced the material of the pending subpoena or order. It is the producing party's responsibility to take whatever action it deems appropriate to challenge the subpoena or order in the issuing court or agency. The party subject to the subpoena or order shall not produce any Confidential Materials in advance of the date required by the subpoena or order. Nothing herein shall be construed as relieving any party from its obligations pursuant to any validly issued subpoena or order.</u>

13. Within sixty (60) days after the conclusion of this action, including any

1  appeals, a party to whom Confidential Material or Attorney's Eyes Only Material
2  has been produced shall return all such material, including copies thereof, to the
3  producing party.

4     14.   This Order shall survive the conclusion of this action, including any
5  appeals, to the extent that information comprising or contained in Confidential
6  Material or Attorney's Eyes Only Material does not become public.  The Court shall
7  retain jurisdiction to resolve any dispute concerning compliance with the terms and
8  conditions of this Order, including any alleged violation thereof.

9    IT IS SO ORDERED

10    Dated: 6/25/12    By: _____

11                                 HON. FREDERICK F. MUMM

HURRELL CANTRALL LLP
700 SOUTH FLOWER STREET, SUITE 900
LOS ANGELES, CALIFORNIA 90017-4121
TELEPHONE (213) 426-2000

## EXHIBIT "A"
## NONDISCLOSURE AGREEMENT

I,_____, am familiar with the terms of the foregoing Stipulated Protective Order above entered in the *Parker v. County of Los Angeles, et al.* case, and agree to comply with and be bound by its terms and conditions unless further modified by order of the Court. I consent to the jurisdiction of the Court for the purpose of enforcement of the Stipulated Protective Order.

Dated:_____ By: _____